UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENEE A. WALKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. C05-1593-MJP-JPD |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) REPORT AND RECOMMENDATION |
| Defendant. | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Renee Walker appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act after a hearing before an administrative law judge ("ALJ"). The Court recommends reversing the ALJ's decision and remanding for further administrative proceedings because the ALJ's decision at step two of the sequential-disability analysis is unclear. This, in turn, impacts the reliability of each subsequent step in the sequential-evaluation process.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff is a fifty-year-old mother of five children. AR 61, 416. She has a ninth grade education and a general equivalency diploma ("GED"). AR 85. She has no past relevant

REPORT AND RECOMMENDATION
PAGE -1-

work and has "never held any job for more than two months." AR 80.

On October 24, 2002, plaintiff filed an application for SSI benefits. AR 61-63. She alleged disability beginning on November 30, 2000, caused by neuropathy in her hands, legs, and feet, an injured left deltoid, carpal tunnel syndrome in both wrists, a back injury,[1] vertigo, bad eyesight, depression, and fear of interacting with others. AR 75, 79. Plaintiff's application was denied both initially and upon reconsideration. AR 21-24, 27-29.

Plaintiff requested a hearing which took place on March 22, 2005. AR 30, 412-61. On April 20, 2005, the ALJ issued a decision finding that plaintiff was not disabled. AR 12-18. Specifically, the ALJ found that although plaintiff had no past relevant work, she retained the residual functional capacity to perform other jobs that exist in significant numbers in the national economy, including hotel housekeeper and office helper. AR 17. Plaintiff appealed the decision, but the Appeals Council denied her request for review. AR 5-7. Therefore, the ALJ's decision serves as the Commissioner's final decision for purposes of judicial review.

On September 29, 2005, plaintiff timely filed suit in this Court challenging the Commissioner's final decision. Dkt. No. 4.

### III. JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) (2005).

### IV. STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993) (internal citations omitted). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might

---

[1] The application lists "fused" and "broken" vertebrae and "back injury." AR 75, 79.

accept as adequate to support a conclusion. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (internal citations omitted). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citations omitted).

## V. EVALUATING DISABILITY

As the claimant, Ms. Walker bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled only if her impairments are of such severity that she is not able to do [her] previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *See also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Social Security regulations set out a five-step sequential-evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920. At step one, the claimant must establish that she is not engaging in any substantial gainful activity. 20 C.F.R. § 416.920(b). If the claimant establishes that she has not engaged in any substantial gainful activity, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do

REPORT AND RECOMMENDATION
PAGE -3-

basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. § 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 416.920(d). A claimant who meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether the claimant can still perform that work. 20 C.F.R. § 416.920(f). If the claimant is not able to perform her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g); *Tackett*, 180 F.3d at 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded. 20 C.F.R. § 920(g).

## VI. DECISION BELOW

On April 20, 2005, the ALJ issued a decision finding:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has impairments which are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(c).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

|   |   |   |
|---|---|---|
| 5. | | The claimant has the residual functional capacity as set out in the body of the decision. |
| 6. | | The claimant has no past relevant work (20 CFR § 416.9265). |
| 7. | | The claimant is a "younger individual between the ages of 45 and 49" (20 CFR § 416.963). |
| 8. | | The claimant has "a high school equivalent education" (20 CFR § 416.964). |
| 9. | | Transferability of skills is not an issue in this case (20 CFR § 416.968). |
| 10. | | The claimant is capable of work existing in significant numbers in the national economy. |
| 11. | | The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)). |

AR 17-18.

## VII.  ISSUES ON APPEAL

These are three primary issues on appeal:

1. Was the ALJ's step two analysis of plaintiff's mental impairments deficient?

2. Did the ALJ err at step two by failing to find that plaintiff suffered from the severe physical impairments of ulnar and peripheral neuropathy?

3. Did the ALJ provide clear and convincing reasons for rejecting plaintiff's testimony?

## VIII.  DISCUSSION

Plaintiff challenges the ALJ's decision by arguing that his step two analysis was deficient. As part of this argument, plaintiff challenges the adequacy of the ALJ's evaluation of a variety of medical records and the ALJ's analysis of her credibility. Pl. Op. Br. (Dkt. No. 14). In response, the Commissioner notes deficiencies but argues that overall the ALJ's analysis was proper. Def. Br. (Dkt. No. 16). The Court, however, declines to address the merits of these well-made arguments because the ALJ's decision provides unclear findings and inadequate analysis, precluding meaningful judicial review.

The ALJ's decision provides no definite findings regarding plaintiff's many alleged severe mental and physical impairments.  Finding 2 in the decision states only that plaintiff "has impairments which are considered 'severe[,]' " but it does not list the impairments found to be severe, and does not reference any portion of the decision that identifies any such findings.  AR 17.  While the Court is able to look beyond the decision's formal findings, doing so necessarily injects an unnecessary step that may cloud effective judicial review.

The absence of formal findings is compounded by vague and contradictory step two statements in the body of the decision.  For instance, the decision lists a variety of medical records relating to various mental impairments and concludes that plaintiff's "depression is a severe impairment," but that it does not satisfy a listing.  AR 13-14.  That paragraph goes on to observe that plaintiff sought mental-health care only sporadically and that her depression appeared to respond well to medication — observations that suggest the ALJ may not have found plaintiff's depression to be severe.  Indeed, the following paragraph states that plaintiff's "depression is non severe."  AR 14.  The decision makes no definite findings as to plaintiff's other alleged severe mental impairments, including bipolar disorder and post-traumatic stress disorder ("PTSD").  Consequently, the decision is unclear as to what mental impairments, if any, the ALJ found to be severe.

The Commissioner contends that the ALJ actually found plaintiff's depression to be severe and that the non-severe reference was merely a "misstatement."  Dkt. No. 16 (Def. Br.) at 6.  She argues that the ALJ's discussion of Dr. Press's and Dr. Parker's opinions show that the ALJ actually found plaintiff's depression to be severe and her bipolar disorder to be non-severe.  *Id.*

The Commissioner's argument, however, cannot save the ALJ's decision.  As an initial matter, Dr. Parker's records do discuss depression and other related symptoms.  AR 260-68.  However, the ALJ's analysis and treatment of Dr. Press's opinion is ambiguous and inconsistent.  The portion of the decision purporting to find plaintiff's depression severe

selected some — but not all — of the limitations described in Dr. Press's opinion.[2]  AR 14. Yet, the portion of the decision that found the depression non-severe discounts Dr. Press's opinion that diagnoses plaintiff with PTSD and bipolar disorder with psychotic features and imposes additional functional limitations.[3]  AR 14-15.  To justify his decision to reject portions of Dr. Press's opinion, the ALJ states that his opinion was based on plaintiff's self-reports, which he found not to be credible and inconsistent with other treatment notes.  AR 14-15. The ALJ, however, failed to specify why these reasons justified accepting some of Dr. Press's limitations and not others.  Moreover, he failed to specify which records were inconsistent with the plaintiff's self-reports.

       The ALJ's step two analysis of plaintiff's alleged physical impairments suffers from similar deficiencies.  Although the body of the decision identified some physical impairments with more clarity, significant ambiguities remain.  For instance, the decision concludes that plaintiff suffered from diabetes, patellofemoral syndrome of right knee, reduced left deltoid strength, variable symptomatic positional vertigo, and "lumbar findings as noted above."  AR 15.  The "lumbar findings as noted above" section discusses a variety of medical records, including some relating to "mild anterior wedge decompression deformity of L-2 (may be due to previous injury), small broad disk bulge at L-2 and very small broad based disk bulges at L3-4 and L5-S1, and no evidence of nerve displacement or impingement, no bony stenosis . . . ."  AR 15.  Again, the ALJ's decision provides no definitive statement as to which impairments of the lumbar region were found to be severe, including plaintiff's alleged ulnar and peripheral neuropathy — impairments which plaintiff contends the ALJ failed to consider.

---

[2] These limitations include following only two-to-three step instructions, having few interactions with coworkers or the public, and only occasional adaptations to changes in the work setting.  AR 14, 178-79.

[3] Dr. Press also found that plaintiff would have difficulty maintaining regular attendance, and completing a normal workday or work week, which was not discussed by the ALJ.

REPORT AND RECOMMENDATION
PAGE -7-

The ALJ's failure to make clear findings of severity at step two of the sequential-evaluation process necessarily impacts the accuracy of each subsequent step in the sequential-evaluation process. Without analysis and concrete findings, it is impossible to reliably determine whether all of plaintiff's impairments, and the specific limitations associated with them, were fully considered by the ALJ. Courts cannot speculate as to what the ALJ *meant* to find in his decision. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc) (emphasis added) (internal citations omitted). Rather, as here, where the basis of the decision is "incomplete and ambiguous[,]" remand is appropriate. *Kelley v. Calio*, 831 F.2d 190, 192 n.3 (9th Cir. 1987).

On remand, the ALJ should reevaluate all medical evidence and provide clear findings as to each of plaintiff's alleged severe impairments. 20 C.F.R. §§ 404.1521; SSR 96-3p (1996). Following that analysis, the ALJ must properly apply the remaining steps of the sequential-evaluation process, as applicable. The ALJ is reminded that every effort to cite relevant portions of the record and provide a clear linear analysis of the appropriate sequential steps, will facilitate any future review by this Court. In particular, because credibility analysis was raised by plaintiff, the ALJ is reminded that once plaintiff provides evidence of an underlying impairment, the ALJ must provide specific clear and convincing reasons for rejecting the testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (internal citations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."[4] *Id*.

---

[4]The ALJ may consider ordinary techniques of credibility evaluation including a reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (internal citations omitted).

REPORT AND RECOMMENDATION
PAGE -8-

IX.  CONCLUSION

The Court recommends that the decision of the Commissioner be reversed and remanded for further administrative proceedings not inconsistent with this report and recommendation.

A proposed order accompanies this report and recommendation.

DATED this 28th day of June, 2006.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge